DORA LOEB, ADMINISTRATRIX AD PROSEQUENDUM, ETC., PLAINTIFF-RESPONDENT, v. ALIDA COOK, DEFENDANT-APPELLANT, AND ARTHUR GRANDIN CONOVER ET AL., DEFENDANTS.

Submitted February 17, 1933—Decided April 27, 1933.

For the defendant-appellant, *McDermott, Enright & Carpenter* and *Carl S. Kuebler.*

For the plaintiff-respondent, *McDermott & Finegold.*

The opinion of the court was delivered by

DONGES, J. Leonard Loeb died of injuries sustained in a collision between an automobile, owned by the defendant Grandin C. Conover and driven by the defendant Arthur Grandin Conover, in which decedent was riding, and an automobile owned and driven by the defendant-appellant, Alida Cook. Suits were instituted against the three persons above named, and a trial was had at the Monmouth Circuit resulting in verdicts of a jury in favor of both Conovers, and in favor of the plaintiffs against the defendant Alida Cook. From two judgments entered thereon, these appeals are taken.

The appellant writes down three identical grounds of appeal in each case. The first ground of appeal seeks to review a portion of the court's charge to the jury; the second ground alleges error in the refusal to charge as requested; and the third ground alleges error in the admission of testimony.

The first ground of appeal embodies almost two printed pages of the charge of the court and asserts the court erred therein in what he said concerning joint enterprise or joint adventure. The appellant urged at the trial that the decedent and the defendant Arthur G. Conover and the other occupants of the Conover car were engaged in a joint enterprise or joint adventure. It appeared from the evidence that a group of boys were taking a pleasure ride with young Conover at the time of the collision.

We do not deem it necessary to discuss the legal soundness of all that the court said in the portion of his charge contained in the ground of appeal, because we are of opinion that no adequate exception was taken thereto. The exception is in the following form:

"I take exception to that portion of your honor's charge relating to the question of joint enterprises, or joint adventures in that I do not feel that it properly sets forth the rule of law applicable in such a case. Your honor stated:

'The doctrine of common enterprise as a defense is applicable only as regards third persons not parties to such enterprise.' The defendant I represent, Alida Cook, is a third party, and she is the one to whom the defense is applicable, but it does not apply to other members of the joint adventure, such as the other defendant, Conover, the driver of the other automobile. I don't want to go into detail as to the balance of your charge in that respect, but I would like to have my exception to the whole of that portion of your honor's charge noted on the record. I would also like to take an exception to your honor's refusal to charge my sixth request, which is on that point."

It will be observed that the only error pointed out is that the judge charged that the doctrine, as a defense, was applicable only to third persons, not parties to the joint enterprise. This was the holding of this court in *Harber* v. *Graham,* 105 *N. J. L.* 213. The language excepted to appears unobjectionable. The exception is unavailable to raise any portions of the charge not pointed out in the exception. The excerpt of the charge set out in the ground of appeal contains statements by the court that are clearly accurate, hence an exception that challenges a portion of the charge that is legally sound in part and objectionable in part, without pointing out the objectionable part, is unavailing. *Noyes* v. *State,* 41 *Id.* 418, 429; *affirmed,* 43 *Id.* 672.

The second ground of appeal seeks to review the refusal of the trial court to charge the appellant's sixth request to charge. This request embodied a declaration that if the decedent and Conover, and the other occupants of Conover's car, were at the time of the accident, engaged in a joint venture or common enterprise, and if Conover was guilty of negligence which was the proximate cause or contributed to the happening of the accident, that Conover's negligence was attributable to Loeb and would defeat recovery against the defendant Cook.

The case went to the jury against the three defendants, with a charge that if the defendant Conover was guilty of negligence which contributed to the occurrence, or if he was

entirely responsible by his negligence, that there could be a rcovery against Conover. He said in part:

"If A and B in prosecution of a joint adventure are in a motor car which B drives so negligently as to injure A, A has a right of action against B, his agent. That is the law."

The question of Conover's negligence having been submitted to the jury, with the instruction that he would be liable for his negligence in causing or contributing to the collision, and that, in some circumstances, both Conover and Mrs. Cook might be held liable if both were guilty of negligence, and the jury having found in favor of Conover, it must be concluded that it was found that Conover was not guilty of negligence. In this situation, the failure to charge as requested, even if erroneous, was harmless, because the request would be available to appellant only in the event that Conover was guilty of negligence. The jury having acquitted Conover of negligence, which might be charged against Loeb, the doctrine invoked would not be pertinent.

Section 27 of the Practice act of 1912 provides that "no judgment shall be reversed * * * on the ground of misdirection * * * unless, after examination of the whole case, it shall appear that the error injuriously affected the substantial rights of a party." 2 *Cum. Supp. Comp. Stat.,* p. 2819.

We are unable to say that what the trial judge said as well as what he omitted to say in his charge on the subject of joint adventure injuriously affected the rights of the appellant, in view of the determination of the jury as to Conover's negligence. There should, therefore, be no reversal on this ground. *Connolly* v. *Public Service Railway Co.,* 94 *N. J. L.* 157.

The third ground of appeal is, in effect, that the trial judge erred in admitting, over objection, testimony as to statements made by decedent. The ground of appeal fails to raise properly any point for the consideration of this court, because it does not specify or set out the questions or answers objected to and ruled upon by the trial judge and the name of the witness. *Booth* v. *Keegan,* 108 *N. J. L.* 538.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—VAN BUSKIRK, DILL, JJ. 2.