RAYMOND I. LYON, JR., ET AL, RESPONDENTS, v. MAX
FABRICANT AND JOSEPH PRUPIS, APPELLANTS.

Submitted February 16, 1934—Decided May 4, 1934.

For the appellants, *Henry Pomerehne.*

For the respondents, *Walter A. Beers.*

The opinion of the court was delivered by

PARKER, J. The case arises out of a midnight collision
between automobiles, at Fallsington in Pennsylvania, a few
miles from Trenton and on the main road from Philadelphia
to Trenton. The circumstances of the accident, as the jury
were entitled to find them, are sufficiently stated in the *per
curiam* opinion of the Supreme Court, *ubi supra.* The same
points are made here that were argued before the Supreme
Court. With regard to the refusal of the trial court to non-
suit, we concur in the view of that court, and have nothing
to add. The same may be said as to the refusal to direct a
verdict, though it may as well be pointed out in addition that

the point relating to an exhibit, which was argued in the Supreme Court and is again argued here, was not made in the trial court on either the motion to nonsuit or the motion to direct a verdict, and consequently is unavailable on appeal.

This brings us to the exceptions to the charge. The Supreme Court refused to consider these on the merits, because counsel had not stated to the trial court why he objected to the language of the charge, "nor pointed out with any particularity the error in the charge as delivered, so that the court might have an opportunity, if it was error, to correct it." Certain decisions are cited in the opinion as supporting that refusal, and will be presently considered. As we read the opinion, it does not question but that counsel, in taking his exceptions, indicated adequately the language in the charge that he deemed to be erroneous and that he wished to challenge. We have examined the language of the exceptions as taken, and readily recognize it as indicating the passages in the charge quoted in the grounds of appeal. But the ruling of the Supreme Court seems to be on a different ground, namely, that counsel when excepting must not only sufficiently indicate the language challenged, but state to the trial court the reason why it is claimed to be erroneous. But this, we think, is not the correct rule, as regards instructions to the jury. In the reception of evidence, where an objection is made, the reason for such objection must be given, otherwise the objection, and an exception predicated thereon, are of no avail if the evidence is received. But on the other hand, if the court exclude the question, counsel propounding it may enter his exception without assigning any reason in support of such question or other evidence, unless perhaps the court asks for such reason. All this is every day practice. If written requests to charge are duly submitted, and refused, the party submitting them may enter his exception without further ado; and this is also every day practice.

The same practice obtains where the court charges the jury. Counsel may not interrupt, unless by permission. At the conclusion of the charge, and usually after the jury have gone out, although the practice varies locally, counsel

dissenting from any of the instructions given to the jury formulates and states his exceptions thereto, reproducing as nearly as may be the language excepted to. This, as has many times been pointed out, is to notify the trial judge that his ruling is to be made a ground of appeal, and so that he may revise it if desired. See, for example, *Kargman* v. *Carlo*, 85 *N. J. L.* 632, 636.

The cases cited by the Supreme Court do not support the proposition enunciated by that court in this case. They are as follows:

In *Potts* v. *Clarke*, 20 *N. J. L.* 536, a Supreme Court case, the decision was simply that exceptions to a charge must be specific in pointing out the particular propositions to be challenged. In that case there was one exception to the entire charge.

In *Oliver* v. *Phelps, Ibid.* 180, there were eighteen assignments of error directed to parts of the charge, but only one exception to the entire charge. The rule laid down (at page 182) is that "it is not sufficient for a party to say, 'I except to the charge;' and then, to assign error upon every clause and sentence of the charge. The exceptant must point out and call the attention of the judge to the part or parts of the charge to which he excepts; and thus give him an opportunity of correcting himself, or of explaining and obviating the objections." On page 183 the opinion states the rule that an objection to evidence must be accompanied by a reason; but that rule was not applied to a charge. The case came to this court (21 *N. J. L.* 597), and the charge was reproduced in full. The assignments of error relating to it were brushed aside on the ground that there was merely a general exception, and that was not sufficient.

In *Klein* v. *Shryer*, 106 *Id.* 432, in this court, the only point decided that seems germane to the present discussion is that a ground of appeal directed to part of a charge must reproduce the language alleged to have been erroneous. This refers to grounds of appeal and not to exceptions.

Similarly, in *Ciccone* v. *Colonial Life Insurance Co.*, 110 *Id.* 276, the point decided involved the sufficiency of a ground of appeal.

These four cases therefore do not support the doctrine enunciated by the Supreme Court in the case at bar. The same court similarly held in *Franklin, &c., Co.* v. *Goodman,* 12 *N. J. Mis. R.* 70, 73, relying on the same decisions. We know of no other decision, and think our reports will be searched in vain for any, which holds that counsel excepting to part of a charge must state any reason for so doing except that he thinks it erroneous in law, which of course goes without saying. True, the exception must fairly indicate what the court said, and not simply the subject of what is said. *Fenning, Dornbusch & Co.* v. *Greenfield,* 107 *N. J. L.* 272, 276. Reference was made in that case to the language of the late Mr. Justice Garrison in *Benz* v. *Central Railroad Co. of New Jersey,* 82 *Id.* 197, 198, viz.: "The rule that requires that an exception be specific and that counsel in asking for its allowance shall point out to the trial judge the error into which counsel thinks he has fallen has for its prime object the correction of such error then and there.

The correction of such error by an appellate court at some future time is a secondary consideration that grows out of the refusal of the trial court to correct its own errors." And again: "Common sense and common fairness alike require that if counsel notices a slip in judicial language, or what he deems the commission of legal error in the conduct of the trial, he shall call the judge's attention to it at a time and in a manner conducive to its correction at the trial." But from the beginning, exceptions have been no more than notations on the trial record that counsel challenges the legal correctness of a ruling of the trial court; not arguments or explanations thereon.

The history of exceptions supports this view. That history was exhaustively discussed in the briefs of counsel in the case of *State* v. *Noel,* 102 *N. J. L.* 659, though the opinion in that case does not seem to allude to it. The fact is noted here for convenience of reference. The development of oral exceptions noted in the stenographic transcript, from the old fashioned bills of exceptions written out while the court and jury waited, is shortly sketched in *Lowenstein* v. *Loh-*

*man,* 109 *Id.* 215, (at *pp.* 217, *et seq.*), and the forms in standard form books are cited. There is a bill of exceptions, reproduced entire, in *West Jersey Railroad Co.* v. *Trenton Car Works Co.,* 32 *Id.* 517; and a similar bill is discussed, from the standpoint of sealing, in *Bostwick* v. *Willett,* 72 *Id.* 21. But nowhere, in any of these old forms, is there any indication of the reasons for taking an exception being stated. The modern practice, dating from the Practice act of 1912, is indicated in the leading case of *Kargman* v. *Carlo,* 85 *Id.* 632, 636, where it is laid down that counsel should call attention to supposed error at a time and in such manner that the judge may know that his ruling is to be made a ground of appeal, and thereby afford an opportunity to the trial judge to revise his ruling and to opposing counsel to modify his position so as to save error. The opinion goes no farther than that, and in fact suggests a form for entry of exception, reading simply: "I desire to note an exception."

It is true that the late Chancellor Walker, in *Laure* v. *Singer,* 100 *N. J. L.* 98 (at *p.* 106), citing Kargman *v.* Carlo, said: "Although exceptions in civil cases have been abolished by the Practice act of 1912 *objection or exception must now be noted, and the ground stated as heretofore." The sentence is inaccurate; exceptions were not so abolished, but merely bills of exceptions; as pointed out in Kargman *v.* Carlo, it was really the sealing of exceptions that was abolished. And in saying that "the ground must be stated as heretofore" the learned Chancellor doubtless had in mind the opinion of this court in *Packard* v. *Bergen Neck Railway Co.,* 54 *Id.* 553, where at page 558 we said: "The trial judge may doubtless require the objecting party to make known the ground or grounds of objection and to insert the same in the bill of exceptions. In such case, upon the principles already stated, the exceptant would be confined in a court of review to the specific grounds to which the attention of the judge had been thus called. But if the judge seals a general exception to a distinct legal proposition of his charge, upon review, objections can be made upon any ground appearing in the bill of exceptions."

To conclude: An objection to evidence, to be effective, must state the reason for such objection. That is before the evidence comes in. After the court has ruled, counsel aggrieved by the ruling is entitled to enter his exception, without going further into an explanation of his reason for so doing. If a request to charge is refused, exception may be entered without accompanying assignment of the reason therefor. If counsel wishes to challenge a passage in the charge, he should, after the charge is concluded, state to the court at least the substance of the passage excepted to, and note his exception. He is not required to volunteer his reason for so doing. When that passage is assigned for error, it must be accurately quoted.

We have gone into this matter at perhaps unnecessary length, but it has seemed advisable to restate the old and well established rules and practice in that regard. The exceptions in the present case, relating to the charge, we think sufficient, and therefore proceed to consider the passages brought up on their merits.

The grounds of appeal to be considered are the fifth, sixth and seventh. Before taking them up in detail it will be well to recall several general rules laid down in our cases, by which the action of the reviewing court is to be guided and governed:

"So long as the law is stated correctly and intelligently, the ultimate test of the soundness of instructions is, not what the ingenuity of counsel can, at leisure, work out the instructions to mean, but how and in what sense, under the evidence before them and the circumstances of the trial, would ordinary men and jurors understand the instructions as a whole." *Kargman* v. *Carlo,* 85 *N. J. L.* 632, 638.

"What is here objected to is a portion of the charge severed from its context and from the whole charge, but it must be read in the light of the context and the whole charge." *State* v. *Giberson,* 99 *Id.* 85, 93; *Goldfarb* v. *Phillipsburg Transit Co.,* 103 *Id.* 690, 693.

"An instruction must be viewed with regard to the issues raised by the pleadings and the evidence (12 *Cyc.* 654; 38

*Id.* 1777), and if a charge when so construed is free from error it will not be ground for reversal, although wrong as an abstract proposition." *State* v. *Egan,* 84 *Id.* 701, 706.

Subject to those rules, we have considered the passages assigned in connection with the rest of the charge and find them free from harmful error. Among the several portions of the charge complained of is the following: . (Ground 7) "Was the defendant negligent in what he did? If he was driving at sixty miles an hour on the wrong side of the road and hit the other car on the wrong side of the road, obviously he was."

It is urged that this is error. But we are clear that taken in connection with its context it was not. The judge, after particularly cautioning the jury to make their own findings of fact and not to be controlled by his views in that regard, went on to say: "As it appears to the court, the plaintiffs' story is that the defendant Fabricant shot by O'Meara and the plaintiffs, the plaintiffs then going about thirty miles an hour and the defendant going somewhere around fifty or sixty miles on the left side of the road. He did not swing back to his right immediately and, before he got back, he and Powell, who was on his right side of the road, crashed, the left side of the two cars coming together. Powell's car then caromed across the left side, apparently being dragged around by its crippled front left wheel, hitting the plaintiffs, who had slowed down and pulled off to the right of the road. The defendant's, on the other hand, with its crippled left front was similarly pulled around to its left side of the road and went off into the field one hundred or two hundred feet. You have before you pictures showing what purports to be tire marks. As I recall it, if those are the tire marks, they appear to come from the right side of the road looking in the plaintiffs' direction. *Now, if you find those to be the facts,* you must ask yourself the question; first, was the defendant Fabricant negligent in what he did? If he was driving at sixty miles an hour on the wrong side of the road and hit the other car on its right side of the road, obviously, he was."

Viewed independently of the entire charge the portion

aforesaid complained of, probably went too far. Taken by itself, it was perhaps erroneous. But viewed and considered in light of the entire charge it is free of any error injuriously affecting the substantial rights of the appellants. After all, in analyzing an instruction the rule is that it is to be judged in its relation to the case under consderation; and that while it might be at large erroneous, it is not error leading to a reversal where in its concrete application it is correct. See *Slate* v. *Egan, supra.*

Ground 5 does not quote all that part of the charge covered by the exception on which it is based. The language of the charge is as follows:

"Gentlemen of the jury: This automobile accident case is slightly different in its circumstances from the usual run of such affairs. In short, on April 17th of last year about midnight the plaintiff Rapp was drivng the plaintiff Raymond Lyon's car easterly on the Lincoln Highway near Fallsington, Pennsylvania, on their way home from a visit to Washington. At the same time, the defendant Fabricant was driving the defendant Prupis' car easterly on the same highway when the latter's car hit a third car driven in a westerly direction on the road by a man named Powell, the Powell car then veered off and hit the plaintiffs' car, damaging it and personally injuring Rapp, Mr. Lyon and the two young ladies, Mrs. Lyon and Miss English. The Fabricant car proceeded further in an easterly direction, veered off to its left and landed in the field on the left side of the highway going east. So far, there is apparently no dispute." The court added: "This dispute occurs on the details as to how the original collision occurred, and, to a somewhat lesser extent, as to what happened after the original collision."

The court went on to point out at some length the control of the jury in matters of fact, and disclaimed any attempt to find facts for the jury. We are unable to see that the recital above quoted was not fully justified by the uncontradicted evidence in the case.

Finally, ground 6 attacks a passage in the charge wherein the court discusses the pendency of a somewhat similar suit

in Pennsylvania based on the same accident, pending and undecided, and instructs them to disregard that suit and decide the case on the evidence before them. The sworn complaint in that suit was admitted in evidence; and the point now made is not what the court said, but what it did not say, on the subject of that complaint, viz., that the jury should have been instructed that the statements by plaintiffs in that complaint were evidential against them. As to this it is sufficient to point out that no request was made of the court in that regard, and in the absence of such request the omission to charge was not error.

This, we think, disposes of all the grounds of appeal that are argued.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, LLOYD, CASE, BODINE, DONGES, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 13.

*For reversal*—None.