ANTOLE VINIK, APPELLANT, v. NIAGARA FIRE INSUR-ANCE COMPANY, RESPONDENT.

Argued May 23, 1934—Decided September 27, 1934.

For the appellant, *Joseph T. Lieblich.*

For the respondent, *Arthur T. Vanderbilt.*

The opinion of the court was delivered by

PARKER, J. At the outset, respondent makes two technical objections to the grounds of appeal filed in this court. The first is that instead of assigning that the Supreme Court affirmed the judgment in the trial court when it should have reversed it, the grounds of appeal invoke the alleged errors in the trial court, contrary to the rule laid down in *Diamond Mills Paper Co.* v. *Leonard Ice Co.,* 95 *N. J. L.* 540, and other cases. But we find that the grounds of appeal in this court do in fact assign that the Supreme Court erred in affirming the judgment in the trial court. True, they go on to specify the particulars in which the trial court erred, but this may be considered as mere surplusage. The review here stands or falls on the grounds alleged in the Supreme Court, and a repetition of them here has no effect one way or the other, if the general ground be stated, as in fact it is.

The second objection of respondent is that certain grounds of appeal in the Supreme Court, challenging rulings on the admission of testimony, were defective in not reproducing the answers to questions objected to, and that the attempt to correct this here by adding those answers, is futile. The Supreme Court apparently has not discussed this point, and perhaps it was not made in that court. Whether or not it was so made, we deem it without merit. The authorities

cited by respondent are *Benson* v. *Brady,* 5 *N. J. Mis. R.* 13, and *Shedaker* v. *James,* 107 *N. J. L.* 400, both cases in the Supreme Court. The first was on a rule to show cause, and the point ruled, and correctly so, was that a reason that "the trial court admitted illegal evidence" was not sufficient. The court said, *obiter,* "the alleged illegal testimony objected to, question and answer, should be embodied in the reason. This is the settled rule relating to the stating of a ground of appeal in a case upon appeal," citing *Donnelly* v. *State,* 26 *Id.* 512; *State* v. *MacQueen,* 69 *Id.* 476, and *State* v. *Hendrickson,* 95 *Id.* 10. None of those cases supports the proposition that an assignment of error on the allowance of a question must state the answer given, and we know of no case in which this court has so held. The settled practice was recognized in 1912 by the schedule of forms appended to the Practice act of that year, and which have since been continuously reprinted in the rules of the Supreme Court promulgated for the guidance of practitioners. Form 37 is a form of notice and grounds of appeal and reads in part as follows: "The following questions were admitted: 6. To the witness G. H. (Copy the questions.)" There is no indication that the answers are also to be copied. The other case cited, Shedaker *v.* James, goes no further than to hold that a reason for new trial, that "the court erred in permitting the plaintiff to testify concerning conversations by and between him and the decedent Isobel M. Shedaker" was not sufficiently specific. We conclude on this point, that proper practice on appeal does not require a ground of appeal attacking the allowance of a question, to reproduce the answer to that question.

We turn, then, to the points raised by the appeal.

The plaintiff was the owner of a bungalow house at the village of Stelton, New Jersey, about two miles north of New Brunswick. His mother had lived in the house, which was built about war time, but she had moved away to Philadelphia, and she was living a short distance away at the home of some neighbor. She made him a deed of the house and it was shown (over objection and exception) that it was a gift from her to him. As the jury were entitled to find, there was

little or no furniture in the house, although plaintiff put in a very substantial claim for furniture destroyed. They were also entitled to find that the house had been rented to an Italian and that one of the neighbors familiar with distillery smells had smelled continuously a very strong odor of whiskey mash and had seen something on the back porch after the fire that looked like rye. It was also in evidence that there were two fires, although the plaintiff claimed only one; that the first fire was about midnight of January 5th-6th, and that this, according to one of the firemen, was right in the centre of the house and burned a hole clean up through the roof but left the rest of the structure comparatively undamaged. Another witness said that the house had been pretty well gutted by the first fire and that it was little more than a shell. However, the important item of proof was that some twenty-nine hours afterwards, on January 7th, at five-forty o'clock in the morning, there was another alarm of fire, and when the firemen arrived they found the house aflame at all four corners and so far gone that nothing could be done to save it. It was also in proof that on the occasion of one of the alarms, the plaintiff, who was asleep in bed, had been waked up by his landlady and informed of the fire and said, "oh, go on," and went to sleep again. The jury, as has been said, returned a verdict for the defendant.

The first point made for the appellant is that the court erred in permitting certain amendments to the answer when the case was moved and over the objection of the plaintiff. The Supreme Court says as to this that while an exception was taken, no ground of objection was stated; that surprise was not alleged, counsel merely stating "I came here prepared to try the case on the issues raised," and that this was manifestly not a claim of surprise. We prefer, however, to treat plaintiff's objections on their merits. Our examination of the case satisfies us either that his objections were not seriously pressed or that no harm was done.

The first amendment related to the warranty that the building was occupied exclusively for dwelling purposes. Plaintiff's counsel said that he was bound to prove that in any

event, and if he did not prove it "he would be out of luck." It is clear, therefore, that if he had to prove it in the first instance he could lose nothing by the allowance of an amendment setting up that it was not used for dwelling purposes.

The second was a little like it, viz., to show an increased hazard by reason of change of possession. Plaintiff's counsel said that the point was already covered by a similar plea, and so he seems again to have conceded that there was no harm in the amendment.

As to the third, it merely set up that there was another insurance company involved and that the loss, if any, should be pro rated, and to this counsel agreed. It is clear, therefore, that plaintiff was not harmed, and we think not surprised, by these amendments.

Counsel now argues that the defendant had already taken the testimony of a woman named Bertha Kruger *de bene esse* and that the plaintiff had been limited in his cross-examination of this witness to the issues then raised by the pleadings in the case. But what plaintiff was limited to in his cross-examination was the scope of the direct examination, and it is not contended that the direct examination had anything to do with the amendment to the pleadings. If it had, counsel would thereby have been put on notice that a suitable amendment would probably be applied for. We fail to see any error in this matter of amendments.

The second point relates to the admission of a question to the plaintiff about the property having been given to him by his mother. We agree with the Supreme Court that in the atmosphere of the case this question was an eminently proper one.

One of the defenses laid before the jury in the charge was that "it is claimed on the part of the defendant company that the fires were of incendiary origin, and that the plaintiff had knowledge of, or was a party to, or consented to this burning for the purpose of defrauding the insurance companies."

The court then proceeded at some length to comment on evidence tending to support that defense. The plaintiff excepted to the clause above quoted, but did not follow up

the exception by an appropriate ground of appeal, so that theory of defense stands unchallenged here. In that aspect, the question about the property being a gift (objected to only as immaterial), seems material in connection with the other evidence as bearing on motive for intentional burning.

Point 3 refers to the fifth ground of appeal, as to which the Supreme Court said that no exception was taken to the admission of the question. But counsel points out an exception, which we therefore consider. The objection was that the witness Huttenbach was not in possession of information sufficient to enable him to make a proper estimate of value; but he testified that he was a professional builder, estimater, appraiser and adjuster; that he examined the ruins, talked with the plaintiff who made a sketch of the building, which was put in evidence, described the materials of construction and that he made his estimate up on the basis of what was told him by the plaintiff. We cannot see any valid objection to allowing him to testify on that basis. See *State* v. *Duelks,* 97 *N. J. L.* 43; *Levin* v. *National Ben Franklin Insurance Co.,* 104 *Id.* 316, 320.

Point 4 refers to ground 6, which brings up the action of the trial court in allowing the witness Huttenbach to use a written memorandum to aid him in testifying. The objection to this seems rather captious. Counsel complains of having been debarred of the right to ask the witness questions as to the necessity for its use. However, when he had the witness on cross-examination, the court required the witness to let him see the memorandum, and he was fully examined on it, so that if there was any error in the original ruling of the court, it was cured later.

Point 5 is abandoned for lack of an exception.

Point 6 relates to the remark of the court in the course of the trial, that "eighty cents a cubic foot for construction of this kind is absurd."

As noted in the opinion of the Supreme Court, this remark was fully withdrawn in the charge, and the jury instructed to disregard it.

Point 7 relates to the action of the court in charging

defendant's fourth request; and Point 8 to the charging of defendant's fifth request. The substance of these instructions is set out in the concluding part of the opinion of the Supreme Court, where they are discussed on the merits. But we find no adequate exception to support this phase of the appeal. The court charged plaintiff's requests numbered 1, 3, 4, 5 and 6. At the conclusion of the charge, counsel said: "I except to the court's charge (*sic*) each and every one of the defendant's requests in the language in which the requests were charged." Such an exception points out nothing as specifically challenged so that the court could correct possible error. The exception was to the charging of five requests. Two were assigned for error, the other three are not now challenged. The trial judge could not possibly know wherein error was claimed. As well might there have been a general exception to the charge, which is recognized only in criminal cases, by statute. We need not cite authorities. A number are gathered in the very recent case of *Lyon* v. *Fabricant,* 113 *N. J. L.* 62; 172 *Atl. Rep.* 567. As to these requests, the exception does not support the grounds of appeal.

We find no error properly raised, and the judgment is therefore affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, LLOYD, CASE, BODINE, DONGES, KAYS, HETFIELD, WELLS, JJ. 9.

*For reversal*—PERSKIE, VAN BUSKIRK, DEAR, JJ. 3.