LAUREL BREKER, PLAINTIFF, v. LAKEWOOD WATER COMPANY, ETC., DEFENDANT.

Submitted May 11, 1934—Decided September 28, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the plaintiff, *Morton C. Steinberg.*

For the defendant, *Henry D. Brinley* (*Walter L. McDermott*).

PER CURIAM.

Plaintiff sued to recover damages because of the theft of some of her property by persons unknown. It appears that the defendant, through its servants, entered the plaintiff's premises to remove a water meter. They had authority so to do whenever for any reason the service should be terminated. The house was vacant, the weather was excessively cold, and there was danger of freezing. It seems unnecessary to consider how the entry was made, or whether the subsequent closing of the house was effective. The case went to the jury

on the theory that the closing of the house after the removal of the meter had been done in a negligent manner, and that, therefore, the defendant company was liable for the unlawful burglaries committed by parties unknown.

The proofs are satisfying that the closing was as effective as it had previously been. The rule of law is: "Defendant's negligence is too remote to constitute the proximate cause where an independent illegal act of a third person, which could not reasonably have been foreseen, and without which such injury would not have been sustained, intervenes." 45 *Corp. Jur.* 936. It could not be foreseen that the burglaries would occur by reason of anything the defendant was shown by competent proof to have done or failed to do.

It is unnecessary to consider the other points argued. Suffice it to say that the grounds of appeal are insufficient to present any question for our determination. *Loeb* v. *Cook,* 110 *N. J. L.* 417; 166 *Atl. Rep.* 134. The learned trial judge should have granted the nonsuit or directed a verdict for the defendant.

The judgment is reversed.