ALBERT SOUTHARD, PLAINTIFF-APPELLEE, v. CHARLES WILSON, DEFENDANT-APPELLANT, AND RUDOLF DETTMER, DEFENDANT.

Submitted October term, 1935—Decided February 19, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the plaintiff-appellee, *Edmund A. Hayes.*

For the defendant-appellant, *Coult, Satz & Tomlinson* (*De Voe Tomlinson,* of counsel).

PER CURIAM.

The plaintiff below had a verdict from the jury and an appeal was taken from the judgment entered thereon.

The grounds stated, upon which we are asked to reverse the judgment, are directed to the refusal of the trial judge to award a nonsuit in favor of the defendant Wilson. The other three grounds challenge the admission of evidence.

The plaintiff's injuries occurred while he was a passenger in the automobile of the defendant Wilson and the accident took place at a road intersection where an auto bus, which had been at a standstill at the right-hand side of the road, attempted to make a left-hand turn into an intersecting road.

The car of the defendant Wilson came from behind and, in attempting to pass between the bus, which had started to make the left-hand turn as aforesaid, and a traffic light stanchion, which was at the middle of the intersection, the rear end of the Wilson car collided with, or was struck by, the forward end of the bus with the result that the pleasure car was smashed and the plaintiff injured.

The point made in support of motion for nonsuit was that the testimony did not disclose any negligence on the part of the defendant Wilson. No useful purpose will be served by going into the testimony in detail but, after a careful perusal of it, it is clear to us that it was a question for the jury as to whether or not the conduct of Wilson, in the operation of his car, was, under the circumstances then confronting him, that of a reasonably prudent person.

It is next urged that the court erred in the admission of evidence. We are unable to agree that this is so. The first question complained of was not answered. The objection to the second question was not timely and the objection to the third question was ineffectual because no reason for the objection was stated. *Lyon* v. *Fabricant,* 113 *N. J. L.* 62; 172 *Atl. Rep.* 567. We might add that the evidence thus introduced by the answers to the second and third questions were, in any event, not harmful to the appellant.

Defendant's counsel asked that the answer to one of the questions in controversy be struck out, which the court declined to do, but this action on the part of the trial court is neither challenged nor argued.

The judgment is affirmed, with costs.