JOHN SHAFFER, PLAINTIFF-RESPONDENT, v. E. A. GALLAGHER & SONS, ETC., ET AL., DEFENDANTS-APPELLANTS.

Argued February 7, 1946—Decided April 25, 1946.

For the respondent, *Foley & Francis* (*Gerald T. Foley*, of counsel).

For the appellants, *Samuel P. Orlando* (*Carl Kisselman* and *Mark Townsend*, of counsel).

The opinion of the court was delivered by

OLIPHANT, J. This is an automobile accident case. The appeal is from a judgment rendered for the plaintiff upon a verdict of a jury after trial at the Camden County Circuit.

The cause of action arose out of a collision between two trucks which took place in the early morning of September 13th, 1943, on the Crescent Boulevard in the City of Gloucester, Camden County. Plaintiff suffered severe injuries. The award of the jury of $25,000 was reduced on a rule to show cause to $20,000 because of its excessiveness.

The original complaint charged negligence on the part of the defendants in failing to properly light its vehicle and in the improper loading of same. At the trial the complaint was amended to charge a violation of the Motor Vehicle and Traffic Act, *R. S.* 39:3–84. This section provides for a special permit to operate a vehicle under certain conditions. Such a permit was applied for by defendants and obtained, even though it was not actually issued until after the time of the accident, and a certificate of such permit was read into the record without objection by the defendants. It provided for operation of the truck in daylight hours only. Admittedly the only issues were whether the accident occurred during darkness or daylight, and the alleged absence of necessary tail lights on defendants' truck. It is further admitted that factual questions were presented as to the absence of tail lights and as to the exact time the accident occurred.

The charge of the court consisted in the main of requests to charge submitted by both plaintiff and defendants. Defendants took an exception thereto in the following manner: "May we be given leave to pray exception to some portions of your Honor's charge. I desire to take exception to every one of those instructions that is contained in this request to charge, plaintiff's requests to charge numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15." This amounted to a general exception. A simple enumeration of the numbers of the requests to which exception is desired is not sufficient. *Vinik* v. *Niagara Fire Insurance Co.,* 113 *N. J. L.* 406. Some of the plaintiff's requests which the court did charge were free from objection. A general exception is therefore

without avail. *Loeb* v. *Cook,* 110 *Id.* 417, 419. Further, the exception did not satisfy the elementary requirements that an exception must point out, in a civil case, the specific objection leveled against the charge. *Lyon* v. *Fabricant et al.,* 113 *Id.* 62; *Vinik* v. *Niagara Fire Insurance Co., supra.*

We conclude a sufficient exception was taken to the charge wherein the jury was instructed to the effect that at the time of the accident defendants' truck was not on the highway as a matter of right but only by virtue of the permission of the Motor Vehicle Department and that if it was found that there was a violation of the permission such could be the basis of negligence whether the truck was lighted or unlighted such as to effect a recovery against the defendants.

The position of appellants is untenable due to the fact that the necessity for the permit was the law of the case. They at no time took the position the permit was not required and led the court and opposing counsel into, what they now claim, was a false position. No evidence was offered nor any argument made at the trial that they were not required to obtain the permit for the operation of their truck, nor was any objection made to frequent references to it. The contention that no permit was necessary is now made for the first time. They are bound by the theory upon which the case was tried below. *Kapherr* v. *Schmidt,* 98 *N. J. L.* 803; *Silver Rod Stores, Inc.,* v. *Bernstein,* 110 *Id.* 117; *Laslowski* v. *Law nicki,* 115 *Id.* 230.

There was no error. The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, JJ. 13.

*For reversal*—McGEEHAN, J. 1.