RAYMOND W. RAAB, PLAINTIFF-RESPONDENT, v. AMERI-
CAN CASUALTY COMPANY, DEFENDANT-APPELLANT.

Argued March 27, 1950—Decided April 24, 1950.

304

*Mr. William H. Campbell, Jr.,* argued the cause for appellant (*Mr. Harry E. Young,* attorney).

*Mr. Samuel N. Porilz* argued the cause for respondent.

The opinion of the court was delivered by

WACHENFELD, J. Judgment in the Workmen's Compensation Bureau was recovered by Raab against his employer, Mead, for injuries arising out of and in the course of his employment. The award was not paid and proceedings were instituted in the Passaic County Court by petition and an order to show cause to enforce the award against Mead's insurance carrier. After hearing testimony, the court signed

an order and a rule for judgment for the amount awarded by the Workmen's Compensation Bureau. The appeal from that judgment to the Appellate Division of the Superior Court was certified here on our own motion.

Mead was in the electrical contracting business, eighty per cent of which was industrial in nature but which included electrical work in homes, stores and other business establishments. Raab was injured on September 8, 1948, while working in a building being renovated and rebuilt. The building was owned by Mead and had been moved to a new location and was being converted so it would have two shops on the first floor and two apartments on the second floor. This was the first time Mead had undertaken the remodeling or reconstructing of a house owned by himself. It was, however, a profit-making enterprise.

Ten radiators, destined for eventual use on the second floor, were being stored temporarily in a shop on the first floor of the building. Raab sustained his injury while carrying one of these radiators to the second floor. The appellant contends such work was neither electrical work nor incidental or necessary to electrical work within the limitations of the policy in question and that no legal evidence was produced to show it came within this embrasure.

The determination of the Bureau is *res adjudicata* as to the liability of the employer to pay the award but the judgment so rendered does not preclude the carrier's being heard on the question of its responsibility. The petitioner still has the burden of showing the accident came within the limitations of the contract so as to render the carrier liable. *American Mutual Liability Ins. Co. v. Chodosh,* 123 *N. J. L.* 81 (*Sup. Ct.* 1939); affirmed, 124 *N. J. L.* 561 (*E. & A.* 1940). The inquiry in the present case is therefore whether the petitioner has sustained this burden.

The appellant contends the evidence clearly shows the radiators were carried upstairs for installation in the apartment and this had nothing to do with the electrical work. It inferentially admits there is evidence to the contrary but asserts

it was objectionable and should not be considered because the court at various times asked leading questions in reference to it calling for conclusions.

█ *Rule* 3:46, abolishing the necessity of exceptions, still requires a party to make known to the court his objection to the action of the court and the grounds therefor. The testimony complained of here was given in response to the court's own inquiries and it is suggested relief should be granted even though the record shows no objection or protest made at the time concerning it.

█ The requirements of the rule are not relaxed or changed by reason of the circumstances referred to and the obligation of counsel is still the same. A reversal on that score is therefore not justified.

█ The questioned testimony clearly indicates it was essential to move the radiators to do the electrical work and this conclusion is abundantly borne out and supported by other undisputed evidence, including the appellant's answering affidavit, which contained part of the testimony of the plaintiff in the Workmen's Compensation Bureau, and by testimony given by Mead, the employer, in the court below to the effect that the removal of the radiators "was incidental to the electrical work."

█ Having concluded there was sufficient proof and a proper basis for the finding below that the moving of the radiators was incidental to and necessary in the pursuit of Raab's work as an electrician, it becomes unnecessary to determine whether or not *R. S.* 34:15–87 is applicable. This statute, referring to a policy of workmen's compensation insurance, specifies that no provision of such policy shall be construed to restrict the liability of the insurer to any stated business, plant, location or employment carried on by an assured unless the business, plant, location or employment excluded by such restriction shall be concurrently separately insured or exempted as provided for in the article.

The appellant relies upon and cites *American Mutual Liability Ins. Co. v. Chodosh, supra; Romano v. DiDonato,* 128

*N. J. L.* 325 (*E. & A.* 1942) ; and *Livingstone v. Hartford Accident, &c., Co.,* 129 *N. J. L.* 259 (*Sup. Ct.* 1942), where the defendant insurers escaped liability, and urges that the carrier is not liable under the policy here issued because the employee at the time of the injury was engaged in employer's isolated work not within the schedule of operations in the policy and that the carriage of the radiators to the second floor of the building under construction and the injuries re-sulting therefrom were not within the terms of the document.

These cases are factually not comparable. In the *Chodosh case* the defense was that Chodosh, at the time of the accident from which he died, was not performing a service for his employer within the scope of the "schedule of operations" set out in the insurance contract. Under this heading, the business of the employer was listed as coal merchant and the services of those insured, amongst whom was the decedent, were stated as "* * * drivers, chauffeurs and their helpers, excluding stevedoring." There was no claim at the time this contract of insurance was written that the deceased would ever be employed to paint a summer house in back of a residential property, as he was doing at the time of his death. The court held "the liability of the carrier was limited by the contract to the operations of the deceased as a driver or chauffeur in the conduct of the coal, ice and fuel oil business—and any task reasonably appurtenant thereto—and nothing more."

In the *DiDonato case* the insurance carrier likewise disclaimed liability and refused to defend the claim in the Bureau upon the ground the risk was not covered by the policy. The coverage there was for "produce dealers, buying, packing or otherwise preparing general produce for shipment or transportation * * *" and the employee was injured while building a personal residence for one of the partners.

In the *Livingstone case* the policy provided in its schedule of operations that the business of the insured was located at "100 N. Main Street, Pleasantville, N. J. Drug stores—retail—including clerical office employees; salesmen; drivers,

chauffeurs and their helpers." While the drug store was being moved from one location to another, the employee, while handling steel girders, sustained an injury and the court held it to be clear that the unloading of steel girders at a different location from that stipulated in the insurance contract was not one of the functions included within the duties of a clerical helper, salesman, driver or chauffeur in the conduct of a retail drug store.

In the case *sub judice,* the policy described the classification of coverage as "electrical wiring—within buildings—including installation or repair of fixtures or appliances." The injury was sustained while the employee was removing the radiators incidental to and necessary in order to permit the accomplishment of the very purpose for which he had been hired and for which he was being paid, which activity was specifically set forth and stated in the quoted section of the policy of insurance.

If doubt remains, it is dispelled by the sixth clause of the policy, which provides:

"This agreement shall apply to such injuries so sustained by reason of the business operations described in said Declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said Declarations or elsewhere in connection with, or in relation to, such work places."

Admittedly, the liability of the employer to pay the award was *res adjudicata* and the evidence submitted, in our opinion, shows the injuries sustained were clearly within the limits and the coverage of the contract of insurance issued by the appellant.

The judgment below is therefore affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD and BURLING—6.

*For reversal*—None.