FRANK JELINEK, PLAINTIFF-RESPONDENT, v. JOSEPH SOTAK, DEFENDANT, AND THE PENNSYLVANIA RAIL-ROAD COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Argued January 14, 1952—Decided February 14, 1952.

*Mr. Stephen V. R. Strong* argued the cause for the appellant (*Messrs. Strong and Strong,* attorneys).

*Mr. John J. Rafferty* argued the cause for the respondent (*Messrs. Rafferty and Blacher,* attorneys).

The opinion of the court was delivered by

OLIPHANT, J. This is a railroad crossing accident case involving a collision between an automobile delivery truck owned and operated by Sotak and a diesel locomotive of the defendant railroad company. Jelinek was a passenger in Sotak's truck. The litigation consists of an action by Sotak against the railroad company and an action by Jelinek against both Sotak and the railroad company. The causes were consolidated for trial and as the result of jury verdicts a judgment of no cause for action was entered in favor of the defendant-appellant here in the action prosecuted by Sotak and one entered in favor of Jelinek against both defendants in the sum of $15,000. On appeal to the Appellate Division the judgment was affirmed. On petition of the railroad company we certified the causes to the Appellate Division.

■ This appeal by the railroad company from the judgment entered in favor of Jelinek is concerned exclusively with alleged errors in the charge of the trial judge. There is no merit in these assertions of error except as they relate to Sotak's tenth request to charge which was charged in the following language:

"Well, it was the duty of the engineer to make reasonable and proper efforts, in view of the circumstances, to foresee and avoid collision, including the duty, if he saw that there was *possible* danger of collision, to exercise reasonable care and diligence to avoid it, by stopping his engine. ＊ ＊ ＊" (Italics supplied.)

We deem such a charge clear and prejudicial error.

The request to charge was taken *verbatim* from the opinion in *Taylor v. Lehigh Valley R. R. Co.*, 87 *N. J. L.* 673, 675 (*E. & A.* 1915). The rule there stated is ineptly phrased and is subject to misunderstanding. As phrased it places an undue burden on a railroad company, one it is not required to bear, to stop its engine if there is a possible danger of collision. The instruction in the *Taylor* case fitted the facts as there existed which bear no similarity to those existing here. In that case the engineer in the exercise of diligence and reasonable care could have seen that the plaintiff's automobile was stalled on the crossing, in time and at such a distance so as to have stopped the train before colliding with it. Here both the train and the automobile were slowly in motion at or approaching the crossing.

The *Taylor* case exhibits an application of the controlling rule which is stated fully in *Rafferty, Adm'r., v. Erie Railroad Co.*, 66 *N. J. L.* 444 (*Sup. Ct.* 1901). There the court stated it is the duty of the "engineer and fireman, if they see that there is possible danger of collision, to exercise reasonable diligence and reasonable care to avoid it" and the court then went on to define the diligence and reasonable care required to be exercised from the point where the engineer and fireman became aware of the possibility of a collision. The court said:

"The law is that while at highway crossings the railway company has the prior right of passage as against the traveler, still *both parties* must exercise care and diligence in regard to *their respective duties*, and are charged with the *mutual* duty of exercising reasonable care to prevent injury. Each must make reasonable and proper efforts, in view of the circumstances, to foresee and avoid collisions, and each may, *to a limited extent*, rely upon the other to exercise such ordinary care." (Italics ours.)

There is nothing in this language that requires an engineer to stop a train merely because of the possible danger of a collision. There are reciprocal rights and duties involved. The engineer can rightfully assume that travelers in the exercise of due care with due regard to the railroad's right of way, will not attempt to cross the tracks. But if in the exercise of reasonable diligence it should become apparent that the traveler in disregard of due care or the railroad's right of way will or is attempting to cross the crossing before the train so that a collision will probably result, then from that point on the engineer must with all reasonable care and diligence attempt to stop the train. If he does so then there is no negligence. *Cf. Telfer v. Northern Railroad Co.,* 30 *N. J. L.* 188 (*Sup. Ct.* 1862).

The duty resting upon a railroad is to use reasonable care to so operate the train as it approaches a grade crossing with due regard to its right of way, as to protect travelers who in the exercise of due care are about to cross the tracks and whether it discharged its duty under all the facts and circumstances is usually a matter for the jury to determine. Even as to those who in disregard of due care may attempt to cross the tracks in the face of an oncoming train or to one whose vehicle may be stalled or stopped on the tracks the duty of reasonable care and diligence still rests on the railroad. *Cf. Webb v. West Jersey and Seashore Railroad Co.,* 100 *N. J. L.* 204 (*Sup. Ct.* 1924).

We do not subscribe to the view that the use of the words "possible danger of collision" in the *Taylor* opinion when read in proper context gives rise to the imputation that the railroad must with reasonable care and diligence attempt

to stop its train merely because there is a bare possibility of collision because such a view disregards the reciprocal rights and duties of the railroad and the traveler at the crossing. The duty of reasonable care and diligence is founded on the probabilities of a given situation, not on mere possibilities.

By charging Sotak's tenth request the trial court undoubtedly created confusion in the minds of the jury because previously it had charged:

"* * * the railroad had a prior right of passage against the traveler, and 'At the time of this accident and on this crossing the railroad company's train has the right of way as against the Sotak automobile and was obliged to use only reasonable care in crossing said highway.' "

This obviously is inconsistent with the duty as previously charged wherein it was specifically said that the railroad was under a duty in the face of a possible collision to stop its train. This inconsistency could lead to nothing but confusion in the minds of the jury. *Girardin v. N. Y. & L. B. Railroad Co.,* 135 *N. J. L.* 135 (*E. & A.* 1947).

Having concluded the charge contained prejudicial error we must consider whether or not, on the record before us, the claim of error is available to the defendant.

After completing the charge the court said:

"You may take the case. The court will remain open for the receipt of the verdict."

The jury retired. Counsel for the defendant railroad then said:

"If it please your Honor, I must except * * * to your Honor's having charged the requests of the defendant Sotak Nos. 3, 4, 6, 8 and 10 * * * further, I most respectfully except to that part of your Honor's charge which your Honor charged that it was the duty of the railroad's employees to use reasonable diligence to avoid an accident, including the duty of stopping, or words to that effect."

The court then stated "The exceptions to the charge will be noted."

The insistment of the plaintiff is two-fold, that assuming error defendant's objection was not timely and that error may not be urged to a portion of a charge to which a general objection was made.

*Rule* 3:51 provides *inter alia* that:

"* * * No party may urge as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."

An important part of the rule is that "Opportunity shall be given to make the objection out of the hearing of the jury." No such opportunity was given in this case before the jury left the box. At the conclusion of the main charge the court said "Now gentlemen, have I omitted anything I should have included?" That called upon counsel to state any objections or supply any omissions there were to be made. Sotak's attorney then called to the attention of the court that it had omitted to charge his request No. 10, containing the matter we have hereinbefore discussed. This request was then charged but the court did not thereafter give counsel opportunity to object to it before the jury retired, though as stated it did say "The exceptions to the charge will be noted."

While the rule places a strict injunction upon counsel to make their objections before the jury retires it also enjoins the trial judge to afford counsel an opportunity to make any objections they may have to the charge before ordering the jury to retire. That is implicit in the words "Opportunity shall be given to make the objections out of the hearing of the jury." To hold that such opportunity must be afforded does not run counter to our decisions in *Wolfe, Inc., v. Salkind*, 3 *N. J.* 312 (1949) and *Peter W. Kero, Inc., v. Terminal Construction Corp.*, 6 *N. J.* 361 (1951).

In proper instances rules such as 3:51 may be relaxed by the court. *Rules* 3:1–2, 5:2–1. This was what was evi-

dently done in this case as otherwise the trial judge would have noted on the record that the objection to the charge came too late.

The plaintiff is on sound ground in asserting that a general exception to a charge is insufficient on which to base a valid claim of error. *Oliver v. Phelps*, 20 *N. J. L.* 180 (*Sup. Ct.* 1843); *Loeb v. Cook*, 110 *N. J. L.* 417 (*E. & A.* 1933); *Vinik v. Niagara Fire Ins. Co.*, 113 *N. J. L.* 406 (*E. & A.* 1934); *Shaffer v. E. A. Gallagher & Sons*, 134 *N. J. L.* 213 (*E. & A.* 1946). But counsel for the defendant did not finish after having taken his general exception. He continued and pointed out that his objection went to that portion of the charge which dealt with the duty of a railroad company "to use reasonable diligence to avoid an accident, including the duty of stopping, or words to that effect." This necessarily included that part of the charge where the court said "if he saw there was possible danger of collision."

A rule such as 3:51 must be given a practical interpretation. Its purpose is to require counsel to apprise the court of the particular portion of the charge perceived to be erroneous and the grounds thereof so that the court, if so minded, might correct it. The trial judge here could not but have known where error was claimed and the ground therefor. In essence the rule was complied with.

A primary purpose of the rules is to attain even handed and complete justice between parties to a litigation. For the reasons stated the judgment is reversed to the end that a trial *de novo* be had, costs to abide the event.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD and BURLING—6.

*For affirmance*—None.