## GRACE B. WILLIAMSON AND IRVING C. WILLIAMSON, PLAINTIFFS-APPELLANTS, v. WILLIAM BERGER, DEFENDANT-RESPONDENT.

Argued January 26, 1953—Decided February 24, 1953.

*Mr. Newton H. Porter, Jr.*, argued the cause for the appellants (*Messrs. Camarata and Colonna*, attorneys).

*Mr. William H. D. Cox* argued the cause for the respondent (*Messrs. Cox and Walburg*, attorneys).

The opinion of the court was delivered by

OLIPHANT, J.. Plaintiffs appeal from an adverse judgment in a negligence action instituted by them to recover damages resulting from an accident in which defendant's automobile struck and injured Mrs. Williamson, hereafter referred to as the plaintiff. Her husband sued *per quod*.

Plaintiff attempted to cross New Jersey Highway Alternate Route 4, also known as the Cheesequake Highway, and hereafter referred to as Route 4, in Matawan. Route 4 runs generally north and south and in the vicinity of the accident is 55 feet wide. On this highway is a double white line indicating the dividing line of north and southbound traffic. The roadway for northbound traffic is divided by a broken white line separating that part of the roadway into two traffic lanes. The southbound portion of the roadway is devoid of markings of any kind, nor are there sign markings on the side thereof. The first ten-foot portion of the southbound roadway adjacent to the double white line is paved with concrete and to the west of this portion is a macadam surface 20 feet wide extending to the westerly curb.

Plaintiff, her husband and two minor children left their car parked at the westerly curb of the highway and crossed it to a diner on the opposite side of the road. Plaintiff later left the diner ahead of the others to return to their parked car and while recrossing the highway was struck by defendant's car travelling in a southerly direction. At the time there was no northbound traffic but there was a solid single line of southbound traffic adjacent to the white double line on the concrete portion of the highway standing practically bumper to bumper. Opposite the diner in this line a red convertible car had stopped a length or less in back of the car

immediately in front of it which provided a space through which plaintiff proceeded. Defendant at that time was driving his car two to four feet to the right of the line of standing cars at a speed of 15 to 20 miles per hour. Cars other than that of the plaintiff were parked at the westerly curb, so that defendant was driving on the macadam portion of the highway between those cars and the line of cars standing on the concrete to his left. There was a conflict of testimony as to whether other cars travelling southbound preceded defendant's car. After the plaintiff had passed in front of the standing red convertible she took one more step, saw defendant's car, threw up her hands, was hit and knocked down.

Plaintiffs appealed the judgment entered on the jury's verdict to the Appellate Division and prior to hearing there certification was granted on our own motion.

On this appeal plaintiffs raised the following issues: Did the trial court commit reversible error in taking from the jury the question as to whether or not at the locus of the accident the highway was a single or two lanes; was it harmful error to charge only a portion of the pertinent section of the Traffic Act or to erroneously charge another portion of the same section; and was the charge of the court relating to plaintiffs' duty of care, including a refusal to charge as requested, error.

 Testimony was offered on behalf of the plaintiffs in an endeavor to establish that the highway at the point of the accident was a single lane highway for southbound traffic. Of course, the physical aspects of the highway, as far as the southbound lane was concerned, negate this contention, it being unmarked and 30 feet wide. Questions concerning the conditions existing on other parts of the highway some distance from the scene of this accident as well as what portion of the highway southbound cars customarily travelled on were clearly irrelevant, immaterial and were properly excluded. Habits and customs of other drivers at other times cannot change the character of a road. Likewise a photograph showing the flow of traffic on the southbound lane

on another day was properly excluded as being irrelevant. and immaterial.

It is contended the trial judge removed from the jury's consideration the question of whether or not the southbound portion of the highway consisted of a single or two lanes. The record does not bear this out. During the taking of testimony the Judge did say: "I will charge the jury that it is probably two lane traffic in that direction under the circumstances, and I will charge the jury as to that provision of the Traffic Act." To this remark no objection was made nor was any request made to change it. But aside from this the charge to the jury fails to disclose any such instruction. As a matter of fact, the jury was charged that it was "a very important fact in this case for you to determine whether or not there were two lines of traffic as distinguished from just one." This charge was adequate instruction for the jury and protected the plaintiff even if the jury had heard the prior remark made to counsel before the case was closed.

The other points briefed and argued by the plaintiffs are all directed to the charge of the court. Upon its completion the record discloses the following:

"Are there any objections to the charge counsel wish noted?
Mr. Porter: I would respectfully ask Your Honor to charge my third request.
The Court: I will note your objection to my failure to charge it.
Mr. Cox: I have no objections."

It will thus be seen the only objection made to the charge was the failure of the court to include therein plaintiffs' third request which related to the statutory duty to drive in the lane nearest the right hand edge or curb of the highway. Except for this counsel displayed complete assent thereto and agreement therewith. The point of failure to charge the third request seems to have been abandoned, but if not, there was no harmful error in respect thereto because the failure to so charge was, under the circumstances, more beneficial than harmful to the plaintiffs.

*Rule* 3:46 requires, in order to reserve a question for review on appeal, that a party, at the time the ruling or order of the court is made or sought, make known to the court the action which he desires it to take or his objection to the action of the court and the grounds therefor, and *Rule* 3:51 provides that "No party may urge as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

In *Jelinek v. Sotak*, 9 *N. J.* 19 (1952), in discussing *Rule* 3:51 we said it placed upon counsel a strict injunction to make their objections known before the jury retires and that it requires counsel to apprise the court of the parts of the charge deemed erroneous and the grounds thereof. This necessarily includes the failure to charge particular pertinent rules of law or requests submitted. To the same effect are the cases of *Raub v. American Casualty Co.*, 4 *N. J.* 303 (1950); *Anderson v. Modica*, 4 *N. J.* 383 (1950).

*Rule* 1:2–20(c) adopted January 1, 1953, which provides "The court may notice plain errors affecting substantial rights of a party, although they were not brought to the attention of the trial court," is a provision whereby the court may consider plain errors, though not brought to the attention of the trial court, when from the whole record it is convinced substantial justice was not done below and that such error or errors brought about the unjust result.

We find no error in the instant case and are convinced the verdict of the jury reflects substantial justice between the parties.

The judgment is affirmed, without costs.

*For affirmance*—Chief Justice VANDERBILT, and Justices OLIPHANT, BURLING, JACOBS and BRENNAN—5.

*For reversal*—Justice HEHER—1.